**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4180
_____

JAMES BAYLISS

v.

NEW JERSEY STATE POLICE; TROOPER R. WAMBOLD, JR.,
individually and in his capacity as a member of the New Jersey State Police;
TROOPER K. JUCKETT, individually and in his capacity as a member of the
New Jersey State Police; JOHN DOES (1-10), individually and in
their official capacities with various Law Enforcement Agencies

Richard Wambold,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-11-cv-00890)
District Judge:  Honorable Mary L. Cooper
_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 24, 2015

Before:  CHAGARES, KRAUSE, AND VAN ANTWERPEN, *Circuit Judges.*

(Filed: August 13, 2015)

---

OPINION[*]

---

KRAUSE, *Circuit Judge.*

Before this Court is Trooper Richard Wambold's challenge to the District Court's decision to (1) affirm the Magistrate Judge's order that Wambold return certain documents he obtained during discovery and (2) terminate the case, thus preventing Wambold from asserting various counterclaims, cross-claims, and a third-party complaint against the State of New Jersey (the "State") and the Office of the Attorney General of New Jersey ("OAG"). For the reasons set forth below, we will affirm.

## I.     Background

The Plaintiff, James Bayliss, filed suit pursuant to 42 U.S.C. § 1983 against Wambold, another Trooper, and the New Jersey State Police (the "State Police") alleging that the two Troopers used excessive force against him during a traffic stop and arrest. Initially, State counsel represented all three defendants. After the suit was filed, the State Police's Office of Professional Standards ("OPS") conducted an internal investigation and brought administrative proceedings against the Troopers. The Attorney General thus terminated the State's representation and indemnification of Wambold. Wambold then filed a Motion to Amend his Answer to plead cross-claims and a third-party complaint against the State Police, State, and OAG for indemnification, contribution, legal

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

malpractice, violation of the duty of loyalty, violation of contract, collateral estoppel, and civil rights violations under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, as well as counterclaims against Bayliss for costs and attorneys' fees.

Meanwhile, during discovery, Wambold came into possession of OPS "Review Sheets," which contained the opinions of senior State Police personnel regarding the sufficiency of the investigation into the Troopers' conduct and their recommendations as to whether the Troopers should be disciplined. The State Police filed a motion seeking return of the Review Sheets on March 18, 2013 (the "Clawback Motion"), arguing that they were disclosed inadvertently and protected by the deliberative process privilege.

While both the Motion to Amend and Clawback Motion were pending, the State settled all of Bayliss's claims, including his claims against Wambold. As a result, on August 29, 2013, the Magistrate Judge terminated Wambold's Motion to Amend and instructed Wambold to indicate whether he intended to refile the motion.[1] The Magistrate Judge then granted the Clawback Motion on September 20, 2013, and denied Wambold's Motion for Reconsideration of that order on December 9, 2013.

---

[1] Wambold suggested in correspondence with the Magistrate Judge that he would refile the Motion to Amend unless the State "agree[d] to waive any argument or defense that it may assert with the State Court or in any other forum as to collateral estoppel, res judicata, or any other form of claim preclusion including State of Limitations." Joint Suppl. App. 199. The State replied that Wambold presented no basis for federal jurisdiction, and thus, would not "agree to anything other than a standard stipulation of dismissal without prejudice." Letter from John M. Bowens, Esq., Oct. 22, 2013, ECF No. 107. Nonetheless, Wambold never refiled the Motion to Amend.

3

Wambold appealed the Magistrate Judge's orders granting the Clawback Motion and denying the Motion for Reconsideration,[2] and the District Court affirmed both on September 17, 2014. In the same Order, the District Court directed the clerk to close the case in its entirety, observing that all of the pending claims had been settled and that Wambold's proposed counterclaims, cross-claims, and third-party claims were barred by *Younger* abstention and the *Rooker-Feldman* doctrine. The District Court explained, however, that it did not bar Wambold "from attempting to bring a completely separate action asserting his claims in federal court." App. 39. Wambold then sought review in this Court, naming only the September 17, 2014 Order in his Notice of Appeal.

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction over Bayliss's claims pursuant to 28 U.S.C. § 1331, and we have jurisdiction over Wambold's appeal pursuant to 28 U.S.C. § 1291. We review the decision to grant the State's Clawback Motion for abuse of discretion. *See Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 138 (3d Cir. 2000).

## III.    Discussion

Wambold contends the Magistrate Judge and District Court erred in finding that the OPS Review Sheets were protected by the deliberative process privilege, which "permits the government to withhold documents containing 'confidential deliberations of law or policymaking, reflecting opinions, recommendations or advice.'" *Redland Soccer*

---

[2] He did not seek review of the August 2013 termination of his Motion to Amend.

4

*Club, Inc. v. Dep't of Army of U.S.*, 55 F.3d 827, 853 (3d Cir. 1995) (quoting *In re Grand Jury*, 821 F.2d 946, 959 (3d Cir. 1987)). "It recognizes 'that were agencies forced to operate in a fishbowl, the frank exchange of ideas and opinions would cease and the quality of administrative decisions would consequently suffer.'" *Id.* at 854 (quoting *First Eastern Corp. v. Mainwaring*, 21 F.3d 465, 468 (D.C. Cir. 1994)). Accordingly, a governmental entity asserting the privilege must show that the material sought is pre-decisional and deliberative. *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 488 F.3d 178, 183 (3d Cir. 2007); *Redland Soccer Club*, 55 F.3d at 853-54.

We agree that the Review Sheets are protected by the deliberative process privilege. As explained in the Certification of Major David C. Jones, the Commanding Officer of OPS, after an investigation into alleged misconduct, supervising members of OPS review the investigating officer's findings. The supervising members offer their opinions on the investigation and their recommendations as to whether to impose discipline in the Review Sheets. Major Jones then considers the complete file, including the Review Sheets, in formulating a recommendation for the Superintendent of the State Police, who renders the final decision on any disciplinary actions. As such, the Review Sheets are clearly pre-decisional and deliberative.

Wambold argues the Review Sheets cannot be privileged because they constituted part of the State's file in representing him in this lawsuit and should have been turned over to his counsel when the State ended its representation of him. This argument conflates the State Police's internal deliberations regarding their disciplinary processes—

5

deliberations solely within OPS—and the representation of Wambold by the OAG, and there is no indication that the Review Sheets were part of the files maintained by Wambold's State counsel. Wambold further asserts that the Review Sheets are not pre-decisional because the State later reversed its decision to represent him, but that does not change the privileged character of the Review Sheets. The need to protect officials' deliberations about one decision does not evaporate because those officials make other decisions.

Additionally, the Magistrate Judge and the District Court properly balanced Wambold's need for the privileged material against the government's interest in confidentiality. Because the deliberative process privilege is not absolute, a court deciding whether to grant discovery must consider, among other factors, "(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; [and] (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable." *Redland Soccer Club*, 55 F.3d at 854 (alteration in original) (quoting *First Eastern Corp.*, 21 F.3d at 468 n.5) (internal quotation marks omitted). Here, Major Jones indicated that disclosure of the Review Sheets would have a chilling effect on the candor of the reviewing officers, which would impact his ability to make a recommendation to the Superintendent. Further, the Review Sheets, which did not contain any factual material that was not disclosed to the parties, had little relevance to the only claims before the

District Court—Bayliss's claims for excessive force—and even those had been dismissed by the time the Magistrate Judge ruled on the Clawback Motion.

Finally, we agree that the privilege was not waived because the disclosure was inadvertent, and the State took reasonable steps in preventing and rectifying the disclosure. *See* Fed. R. Evid. 502(b). The record is unclear regarding how the Review Sheets came into Wambold's possession, but the State demonstrated that the disclosure was unauthorized, and as such, led to an OPS investigation. Moreover, upon learning of the disclosure via references in Wambold's Motion to Amend, the State immediately requested return of the Review Sheets, and upon Wambold's refusal, filed the Clawback Motion. Therefore, we conclude that neither the Magistrate Judge nor the District Court abused their discretion by granting the Clawback Motion.

Wambold also argues that "[t]he District Court erred in determining the amended complaint would be precluded by the *Younger* abstention doctrine" and asks that we "vacate the District Court opinion about the application of the *Younger* doctrine." Appellant's Br. 33. But Wambold never appealed the Magistrate Judge's termination of his Motion to Amend, nor did he file a subsequent Motion to Amend. As a result, Wambold waived his right to challenge the termination, and his proposed counterclaims, cross-claims, and third-party complaint were never properly before the District Court. *See Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 252 (3d Cir. 1998) ("[A] party failing to appeal to the district court a magistrate judge's order in a nondispositive matter may not raise an objection to it on appeal to a circuit court."). Because neither the

7

Motion to Amend nor the amended Answer are before us now, we need not address whether Wambold's proposed claims can survive should he decide to reassert them in another action.

### III.  **<u>Conclusion</u>**

For the reasons stated above, we will affirm the judgment of the District Court.